IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEACON ROOFING SUPPLY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| GINGER MILLER and PAUL EFFERIN, | ) |
| individually and collectively t/d/b/a | ) |
| BEACON ROOFING AND ASPHALT and | ) |
| BEACON ROOFING SYSTEMS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**VERIFIED COMPLAINT
FOR INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT,
FALSE DESCRIPTION, AND UNFAIR AND DECEPTIVE TRADE PRACTICES**

Plaintiff Beacon Roofing Supply, Inc. ("Beacon"), by its counsel, Babst, Calland, Clements and Zomnir, P.C. sets forth this Verified Complaint for Injunctive Relief for Trademark Infringement, False Description, Deceptive Trade Practices as follows:

### I. JURISDICTION AND VENUE

1.  This is a Verified Complaint for Injunctive Relief for Trademark Infringement, Unfair Competition, False Description arising under Section 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description) and for unfair and deceptive acts under the Pennsylvania Unfair Trade Practices Consumer Protection Law, 73 P.S. § 201-1, et seq.

2.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law statutory claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3.   This Court has personal jurisdiction over the defendants, Ginger Miller and Paul Efferin (collectively "Defendants") because Defendants maintain their principal place of business and residences in the Commonwealth of Pennsylvania.

4.   Venue is proper in this district under 28 U.S.C. § 1391(a) in that both of the Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is subject to the action is situated in this district, and the Defendants maintain their principal place of business in this district.

## II. THE PARTIES

5.   Plaintiff Beacon Roofing Supply, Inc. is a corporation organized and existing under the law of the state of Delaware, having a principal place of business at 505 Huntmar Park Drive, Suite 300, Herndon, Virginia 20170.

6.   Defendant Ginger Miller is an individual having a principal residence at 2838 Broadway Avenue, Pittsburgh, Pennsylvania 15216.

7.   Upon information and belief, Defendant Paul Efferin is an individual having a principal residence at 1940 Westmont Avenue, Pittsburgh, Pennsylvania 15210.

## III. FACTUAL BACKGROUND

8.   Beacon is North America's largest publically traded roofing supply distributor, with over 380 locations, including 11 stores operating in Western Pennsylvania under the registered trademarked name of Beacon Roofing Supply Company. Beacon sells, among other things, supplies for residential and commercial roofing, waterproofing, windows, siding, railings, stone and decking.

9. Beacon is the owner of approximately 25 registered trademarks granted by the United States Patent and Trademark office covering derivations of the "Beacon" name as well as Beacon's encircled lighthouse logo. (See Beacon's website at www.beaconroofingsupply.com for an example of Beacon's use of the encircled lighthouse logo) These trademark names include, but are not limited to, Beacon Roofing Supply Company, Beacon Roofing Supply, Beacon Sales Company, Beacon Supply, Beacon Distribution, and Beacon. A true and correct list of the Beacon trademarks, including its encircled lighthouse logo, as well as their registration dates and registration numbers, is attached hereto and make a part hereof as Exhibit A. Accordingly, Beacon's rights to the foregoing trademarks are deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

10. On information and belief, the Defendants began trading and doing business under the names "Beacon Roofing and Asphalt" and "Beacon Roofing Systems" in July of 2017.

11. The Defendants began advertising their business under the name "Beacon Roofing and Asphalt" using fliers containing that name, as well as Beacon's trademarked encircled lighthouse logo, which the Defendants shamelessly copied. A true and correct copy of the Defendants' advertising flier is attached hereto and made a part hereof as Exhibit 2.

12. The Defendants also maintain a website at the address of www.roofcontractorpittsburgh.com where they designate their business name as "Beacon Roofing Systems."

13. The advertising flier for Beacon Roofing and Asphalt and the web page for Beacon Roofing Systems both advertise the same telephone number, 412-353-3431, which is a cell phone owned and operated by Defendant Efferin.

14. Upon information and belief, Defendant Efferin operated another roofing business under the name Roofology Roofing.

15. Defendant Efferin has been a periodic customer of Beacon, buying roofing supplies for both his and other roofing businesses, from Beacon.

16. Accordingly Defendant Efferin has firsthand knowledge as to Beacon's business.

17. Based on the foregoing, the Defendants jointly and severally have used Beacon's trademarks with actual knowledge of Beacon's rights in those trademarks, and in conscious disregard of Beacon's rights.

18. The Defendants' trade names risk creating a mistaken association by members of the public with Beacon causing an increasing and very serious problem not only infringing on Beacon's registered trademarks, but also threatening the good will of Beacon's name.

19. Defendants jointly and severally are utilizing the Beacon name and trademarks, including its encircled lighthouse logo, in connection with the Defendants' business in Western Pennsylvania and elsewhere in the United States.

20. Accordingly, the Defendants' infringing use of the names, "Beacon Roofing and Asphalt" and "Beacon Roofing Systems," as well as Beacon's trademarked encircled lighthouse logo, were intentionally co-opted by the Defendants to create a mistaken association with Beacon.

## COUNT I – TRADEMARK INFRINGEMENT

21. Paragraphs 1-20 of this Complaint are incorporated herein as if set forth at length.

22. Defendants' use of the trade names "Beacon Roofing and Asphalt" and "Beacon Roofing Systems," as well as the use of Beacon's encircled lighthouse logo, are confusingly similar to Beacon's name and logo and are likely to cause confusion and mistake. Such use by Defendants of the infringing trade names and logo are likely to deceive others into believing that

Defendants' services are sponsored by, approved by, or affiliated with Beacon, constituting trademark infringement in violation of the Lanham Act § 32, 15 U.S.C. § 1114.

23. Beacon has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of the Defendants have damaged and will continue to damage Beacon's rights, reputation and good will. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter. Beacon has been damaged by Defendants' actions in an amount to be proven at trial.

## COUNT II – FALSE DESIGNATION OF ORIGIN

24. Beacon incorporates Paragraphs 1 through 23 of this Complaint as if set forth at length herein.

25. Defendants' use of the trade names "Beacon Roofing and Asphalt" and "Beacon Roofing Systems," as well as the encircled lighthouse logo, constitute false designation of origin, false or misleading description, and/or false or misleading representation. Such unauthorized use causes, and is likely to cause, confusion, mistake or deception of others, as to the affiliation, connection, or association of Defendants with Beacon, and also causes, and is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of the goods and services of the Defendants with those of Beacon.

26. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Beacon's rights in its federally registered trademarks in violation of the Lanham Act § 43(a), 15 U.S.C § 1125(a).

27. Defendants knew, or should have known, of Beacon's rights, and Defendants' false description, false representation, and false designation of origin were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

28. Beacon has been, and will continue to be, damaged by such false description, false representation and false designation of origin in a manner and amount that cannot fully be measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage, Beacon's rights, reputation, and good will, and may discourage current and potential customers from dealing with Beacon. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

## COUNT III – VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

29. Beacon incorporates Paragraphs 1 through 28 of this Complaint as if set forth at length herein.

30. The use by Defendants of the infringing trade names and marks, including but not limited to Beacon's encircled lighthouse logo, infringes upon Beacon's name and trademarks and constitutes an unfair method of competition in business and an unfair trade practice in business, as well as a fraudulent representation, which are damaging to the public interest in violation of the Pennsylvania Unfair Trade Practices Consumer Protection Law, 73 P.S. § 201-1, et seq., including but not limited to Sections 201-2(4)(i), (ii), (iii), (iv), (v), and (xxi).

31. Defendants' use of trade names and a logo which violate and infringe upon Beacon's trademarks in the connection and sale of goods and services has been knowing, willful, and deliberate.

32. Beacon has been and will continue to be irreparably injured by reason of Defendants' unfair methods of competition and unfair trade practices in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Such irreparable injury will continue unless the acts of the Defendants are enjoined during the pendency of this action and thereafter.

33. Beacon has been damaged by Defendants' actions in an amount to be proven at trial.

## COUNT IV – FEDERAL TRADEMARK DILUTION

34. Beacon incorporates Paragraphs 1 through 33 of this Complaint as if set forth at length herein.

35. As a result of Beacon's use in promotion of its registered name and marks, those marks have become famous in the relevant marketplace in Pennsylvania and elsewhere. Beacon's sales and promotion of its business using those marks have been substantial and extensive.

36. Defendants' unauthorized use of its trade names, "Beacon Roofing and Asphalt" and "Beacon Roofing Systems," as well as the use of Beacon's encircled lighthouse logo, constitutes a commercial use in commerce and dilutes the distinctive quality of Beacon's marks. Upon information and belief, Defendants willfully intended to trade on Beacon's reputation and to cause the dilution of Beacon's trademarks in violation of the Lahnam Act § 43(c), 15 U.S.C. § 1125(c).

37. Beacon has been, and will continue to be, damaged by Defendants' dilution of Beacon's marks that cannot be fully measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage, Beacon's business, market, reputation, and good will, and may discourage current and potential customers from dealing with Beacon. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

38. Beacon has been damaged by Defendants' actions in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Beacon respectfully requests that judgment be entered in its favor, including injunctive relief, as follows:

1. That Defendants and all officers, agents, servants, and employees and all other persons acting in concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from using the names, marks or designations "Beacon Roofing and Asphalt" and "Beacon Roofing Systems," and Beacon's encircled lighthouse logo, as well as any use of the word "Beacon" or any confusingly similar name or mark in connection with identifying Defendants' business;

2. That Defendants and all officers, agents, servants, employees, attorneys and all other persons acting in concert or participation with any of them be enjoined and restrained during the pendency of this action and permanently thereafter from all acts of false description and representation and false designation of origin, all acts of unfair competition and unfair business practices, including the marketing, promotion and sale of any goods and services in the manner that is likely to cause confusion, to cause mistakes, or deceive, including the use of the trade names "Beacon Roofing and Asphalt" or "Beacon Roofing Systems," as well as Beacon's encircled lighthouse logo, and any other mark that is confusingly similar to Beacon's marks;

3. That Defendants be directed to file with this Court and serve on Beacon's counsel within thirty (30) days after the service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which each Defendant has complied with the injunction;

4. That Defendants be required to pay Beacon such damages as Beacon has sustained, or will sustain, in consequence of Defendants' trademark infringement, false designation of origin, unfair competition, unfair business practices, and trademark dilution, and

to account for all gains, profits, and advantages derived by Defendants that are attributable to such unlawful acts;

5. That such damages be trebled as provided by 15 U.S.C. § 1117 and 73 P.S. § 201-1, et seq;

6. That Defendants be ordered to pay Beacon pre-judgment and post-judgment interest on all sums allowed by law;

7. That this Court order that all infringing promotional materials, products and other materials of Defendants or in the possession of Defendants that include the marks "Beacon Roofing and Asphalt" or "Beacon Roofing Systems," or Beacon's encircled lighthouse logo, or that is likely to cause confusion, to cause mistake, or to deceive, be delivered to Beacon and destroyed pursuant to 15 U.S.C. § 1118; and

8. That Beacon have such other and further relief as this Court may deem equitable.

Respectfully submitted,

Steven B. Silverman (PA I.D. 56829)
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222
Telephone: (412) 394-5400
Facsimile: (412) 394-6576
E-mail: ssilverman@babstcalland.com

*Counsel for Plaintiff Beacon Roofing Supply, Inc.*

## VERIFICATION

I, David Hall, Regional Vice President of Beacon Roofing Supply, Inc. depose and state that the facts contained in the foregoing Verified Complaint for Injunctive Relief for Trademark Infringement, False Description, and Unfair and Deceptive Trade Practices are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

