# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEACON ROOFING SUPPLY, INC., | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 17-1100 |
| v. | ) |
| | ) |
| GINGER MILLER, *et al.*, | ) Judge Cathy Bissoon |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION

Pending before the Court is Plaintiff Beacon Roofing Supply, Inc.'s ("Plaintiff")'s Motion for Reconsideration of the Court's Order denying its Motion for Temporary Restraining Order (Doc. 6). For the reasons discussed below, Plaintiff's Motion for Reconsideration will be DENIED.

I. BACKGROUND

On August 22, 2017, Plaintiff filed a Verified Complaint (Doc. 1) against Defendants Paul Efferin and Ginger Miller (collectively "the Defendants"), seeking injunctive relief for alleged trademark infringement, an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 2), and a Motion for Expedited Discovery (Doc. 3). On August 22, 2017, the Court issued an Order deferring its ruling of the Motion for Preliminary Injunction and denying Plaintiff's motion for a Temporary Restraining Order. (Doc. 5). The Court held that Plaintiff failed to meet the requirements of Rule 65(b), as it did not certify in writing "any efforts made to give notice and the reasons why it should not be required." FED. R.

1

Civ. P. 65(b)(1)(B).

On August 22, 2017, Plaintiff filed a Motion for Reconsideration and an Affidavit of Notice of Proceedings signed by Plaintiff's counsel. (Docs. 6 and 7). The Affidavit states that Plaintiff's counsel provided actual notice to Defendants of this lawsuit through: telephone discussions with Defendant Paul Efferin (Doc. 7 at ¶¶ 3, 10), telephone discussions with Defendant Miller's former counsel, Brent McCune (Id. at ¶ 5), email communications with Mr. McCune (Id. at ¶ 5), delivery via U.S. First Class Mail of copies of the pleadings in this case to Defendants' respective addresses (Id. at ¶ 8), and delivery of a text message to Defendant's telephone number notifying them of the lawsuit (Id. at ¶ 9). Based on Plaintiff's counsel's communications with Defendants, Plaintiff "believes that the Defendants received notice of these proceedings and chose not to participate therein, thereby necessitating reconsideration of the Motion for Temporary Restraining Order." (Doc. 6 at ¶2).

II.  ANALYSIS

A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). As noted, Plaintiff seeks reconsideration of the Court's denial of its Motion for a Temporary Restraining Order based on its attorney's Affidavit showing that it has provided actual notice to Defendants.

Rule 65(b)(1) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will

result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1). Based on the current record, Plaintiff fails to satisfy both the above elements.

First, the Affidavit submitted by Plaintiff's attorney does not demonstrate that he made "efforts to give notice" to Defendants and *failed*, thus requiring the Court to "issue a temporary restraining order without written or oral notice" to Defendants. To the contrary, the Affidavit clearly shows that Plaintiff's counsel has succeeded in providing actual notice of this lawsuit to Defendants. (See generally Doc. 7). Accordingly, Rule 65(b) is inapplicable, as it applies only to the issuance of a temporary restraining order "without written or oral notice to the adverse party or its attorney." FED. R. CIV. P. 65(b)(1).

Second, the Court finds that the current pleadings do not contain "specific facts [that] . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The Court of Appeals for the Third Circuit has held that "a party bringing a claim under the Lanham Act is not entitled to a presumption of irreparable harm." Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 210 (3d Cir. 2014). Instead, a party seeking a preliminary injunction in a Lanham Act case must make a "'clear showing'" that it is likely to suffer irreparable harm if an injunction is not granted. Id. at 217 (quotations omitted). In its Verified Complaint, Plaintiff puts forward only perfunctory allegations of harm, stating that "Defendants' trade names risk creating a mistaken association by members of the public with Beacon causing an increasing and very serious problem not only infringing on Beacon's registered trademarks, but also threatening the good will of Beacon's name." (Doc. 1 at ¶ 18). However, this rote recitation of the types of

3

irreparable harm often suffered in trademark infringement lawsuits does not constitute a "clear showing" of actual, or even potential, damage.  See Ferring Pharm., Inc., 765 F.3d at 217.

In short, Plaintiff fails to satisfy either element of Rule 65(b)(1).  Accordingly, its Motion for Reconsideration is hereby DENIED.  As it appears from the Affidavit that actual notice of Plaintiff's request for injunctive relief has been provided to Defendants in this case, they are entitled to a reasonable opportunity to be heard.  To that end, a telephone conference in this case is scheduled for September 11, 2017 at 10:30 a.m.  Defendants must participate in this conference either through counsel or *pro se*.  Plaintiff is directed to provide this ruling to each Defendant at their last known mailing addresses via certified mail.

    IT IS SO ORDERED.

August 23, 2017                                                                         s/Cathy Bissoon
                                                                                                        Cathy Bissoon
                                                                                                        United States District Judge

cc (via ECF email notification, U.S. Mail, and E-Mail):

All Counsel of Record