# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEACON ROOFING SUPPLY, INC., | ) | |
| Plaintiff, | ) ) | |
| | ) | Civil Action No. 17-1100 |
| v. | ) ) | |
| GINGER MILLER, *et al*., | ) | Judge Cathy Bissoon |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Beacon Roofing Supply, Inc.'s ("Plaintiff")'s Motion for Default Judgment (Doc. 25). For the reasons discussed below, Plaintiff's Motion will be GRANTED.

## MEMORANDUM

### I. BACKGROUND

On August 22, 2017, Plaintiff filed a Verified Complaint (Doc. 1) against Defendants Paul Efferin and Ginger Miller (collectively "the Defendants"), asserting claims for trademark infringement, false designation of origin, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act, and federal trademark dilution. In the Complaint, Plaintiff seeks injunctive relief, statutory damages, and costs and attorneys' fees. (Id.) Plaintiff's Complaint was served on Defendants on September 14, 2017. (Docs. 17 & 18).

On October 6, 2017, Plaintiff requested that a default be entered against Defendants for their failure to answer the Complaint or to otherwise move. (Docs. 21 & 22). The Clerk of Court entered a default against Defendants on October 10, 2017. (Docs. 23 & 24). As of the

1

date of this filing, the Defendants have neither answered the Verified Complaint nor otherwise pled in accordance with the Federal Rules of Civil Procedure.

II. ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading. See Fed.R.Civ.P. 55(b)(2). In considering a motion for default judgment, a court must treat the allegations in the complaint as true. Touchtown, Inc. v. DigitalSignGuys.com, LLC, 2010 WL 5152298, at *1, 2 (W.D. Pa. Dec. 13, 2010). The Court of Appeals for the Third Circuit has enumerated three factors that govern a district court's determination as to whether a default judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." Sec. & Exch. Comm'n v. Fortitude Grp., Inc., 2017 WL 818604, at *1 (W.D. Pa. Feb. 10, 2017), report and recommendation adopted, 2017 WL 782847 (W.D. Pa. Mar. 1, 2017).

The Court finds that the factors weigh in favor of granting default judgment. First, Plaintiff will suffer prejudice if default is denied because its trademarks may continue to be infringed. Second, Defendants do not appear to have a litigable defense because they have not asserted any defense to Plaintiff's claims. Third, Defendants' delay is due to their culpable conduct because they have failed to appear or to defend this action. The Court will therefore enter judgment in favor of Plaintiff and against Defendants.

The Court will also grant Plaintiff's request for a permanent injunction. Section 34(a) of the Lanham Act provides courts with the "power to grant injunctions, according to the principles of equity and upon such terms as the Court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). The Verified Complaint establishes that Defendants unlawfully used Plaintiff's trademarked material. Nothing in the facts before the Court indicates that Defendants have ceased this infringing activity; thus, a permanent injunction is warranted in this case.

## **ORDER**

For the reasons stated above, Plaintiff's Motion for Default Judgment is GRANTED. IT IS FURTHER ORDERED that:

1. Defendants and all officers, agents, servants, and employees and all other persons acting in concert or participation with any of them, are permanently enjoined from using the names, marks or designations "Beacon Roofing and Asphalt" and "Beacon Roofing Systems," and Beacon's encircled lighthouse logo, as well as any use of the word "Beacon" or any confusingly similar name or mark in connection with identifying Defendants' business;

2. Defendants and all officers, agents, servants, employees, attorneys and all other persons acting in concert or participation with any of them are permanently enjoined from all acts of false description and representation and false designation of origin, all acts of unfair competition and unfair business practices, including the marketing, promotion and sale of any goods and services in the manner that is likely to cause confusion, to cause mistakes, or deceive, including the use of the trade names "Beacon Roofing and Asphalt" or "Beacon Roofing Systems," as well as Beacon's encircled lighthouse logo, and any other mark that is confusingly similar to Beacon's marks; and

3. All infringing promotional materials, products and other materials of Defendants or in the possession of Defendants that include the marks "Beacon Roofing and Asphalt" or "Beacon Roofing Systems," or Beacon's encircled lighthouse logo, or that is likely to cause confusion, to cause mistake, or to deceive, must be delivered to Beacon and destroyed pursuant to 15 U.S.C. § 1118.

IT IS SO ORDERED.

October 13, 2017                                              s/Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record